UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BOBBY CAMPBELL, JR.,

                Plaintiff,

      v.

PEPSI BEVERAGES INC.,

                Defendant.
_____

DECISION &ORDER

16-CV-6600L

On August 29, 2016, *pro se* plaintiff Bobby Campbell, Jr. ("Campbell") filed this action against Pepsi Beverages Inc. ("Pepsi") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq*. (Docket # 1). Currently pending before this Court is plaintiff's request for appointment of counsel. (Docket # 16). Also pending before the Court is Campbell's motion seeking to expedite the discovery process and to proceed directly to summary judgment motions. (Docket # 17).

I. **Appointment of Counsel**

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning [her] claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of

success on the merits. *See id.* Campbell has not done so at this stage. Moreover, the legal issues in this case do not appear to be complex, nor does it appear that conflicting evidence will implicate the need for extensive cross-examination at trial. Finally, Campbell's case does not present any special reasons justifying the assignment of counsel. To the extent Campbell maintains that his personal or professional responsibilities make it difficult for him to comply with litigation deadlines, he is free to request an extension of those deadlines from the Court. On this record, Campbell's request for the appointment of counsel **(Docket # 16)** is **DENIED without prejudice** at this time. It is the Campbell's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

## II. Expedite Discovery

Campbell maintains that the discovery requests served by Pepsi are redundant, and he contends that Pepsi has had sufficient time to "focus entirely" on this matter and "should be more than ready without the inspection of my documents." (*Id.* at 4). Approximately five months ago, on December 14, 2016, the parties participated in a scheduling conference before the Court, during which various scheduling deadlines were discussed with the parties and set by the Court. (Docket # 11). That same day, the Court issued a scheduling order which provided, among other deadlines, that mandatory disclosures were to be made by January 6, 2017, and that fact discovery was to be completed by August 23, 2017. (Docket # 10). By letter dated January 5, 2017, Campbell requested an extension of his deadline to submit mandatory disclosures, which was granted by the Court. (Docket # 12).

The record before the Court suggests that both Campbell and Pepsi have propounded written discovery requests, which remain pending. (Docket ## 17 at 4 ¶ 2; 18).

Indeed, it appears that Campbell propounded his written discovery requests the same day that he mailed the pending motion to the Court seeking to expedite the discovery process. (Docket ## 17-1; 18-3). As noted above, after a conference during which both parties participated, the Court issued a scheduling order providing for fact discovery to continue until August 23, 2017. Discovery requests are pending; even if Campbell is willing to forego seeking additional discovery, defendants should not be mandated to do likewise.

Accordingly, the Court **DENIES** Campbell's request to expedite discovery (**Docket # 17**). The deadlines set forth in this Court's scheduling orders remain in full force and effect. (Docket ## 10, 12).

**IT IS SO ORDERED.**

                                        *s/Marian W. Payson*
                                        MARIAN W. PAYSON
                                      United States Magistrate Judge

Dated: Rochester, New York
        May 12, 2017