UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BOBBY CAMPBELL, JR.,

                             Plaintiff,

           v.

PEPSI BEVERAGES INC.,

                             Defendant.
_____

DECISION & ORDER

16-CV-6600L

         On August 29, 2016, *pro se* plaintiff Bobby Campbell, Jr. ("Campbell") filed this lawsuit against his former employer Pepsi Beverages Inc. ("defendant") pursuant to Title VII of the Civil Rights Act of 1962, 42 U.S.C. §§ 2000e, *et seq.*, and the New York State Human Rights Law §§ 290, *et seq.*, alleging that defendant discriminated against him on the basis of his race. (Docket # 1). Currently pending before this Court are two motions filed by defendant, each of which seeks sanctions or an order to compel. (Docket # 39, 48). For the reasons explained below, defendant's first motion (Docket # 39) is denied, and the second (Docket # 48) is granted in part and denied in part.

I.       **First Motion for Sanctions (Docket # 39)**

         On October 6, 2017, this Court granted defendant's motion to compel supplemental initial disclosures from Campbell. (Docket # 33). Among other things, the Court directed Campbell to provide a computation of his damages by no later than November 1, 2017, in accordance with Rule 26 (a)(1)(A)(iii) of the Federal Rules of Civil Procedure, and the Court

provided guidance to Campbell concerning that disclosure during oral argument on the motion. (*Id.*).

On November 1, 2017, although Campbell provided supplemental disclosures, he did not provide a computation of damages. (Docket # 39-1 at Exhibit ("Ex.") B). Defendant filed the pending motion on November 6, 2017, seeking an order staying Campbell's November 9, 2017 deposition and imposing sanctions. (Docket # 39-1 at ¶¶ 30-32). On November 6, 2017, via electronic mail, Campbell served his computation of damages. (Docket # 43). The deposition of Campbell proceeded as scheduled on November 9, 2017. (Docket # 48-2). Campbell opposed the motion, maintaining that any failure to comply with the Court's order was not willful.[1] (Docket # 47).

Defendant has not challenged the sufficiency of the computation of damages provided by Campbell. On this record, defendant's motion to stay the deposition is denied as moot and its motion for sanctions is denied.

II. **Second Motion for Sanctions or to Compel (Docket # 48)**

In its second pending motion for sanctions or to compel, defendant requests that the Court impose the severe sanctions of dismissal or evidentiary preclusion based upon Campbell's failure to comply with this Court's October 6, 2017 Decision & Order. (Docket # 48). Although conceding that Campbell generally complied with the explicit directions set forth in the Order, including supplementing his initial disclosures, sitting for a deposition, and resolving issues concerning the audibility of an audio recording, defendant argues that Campbell has failed to comply with the Court's direction that he "comply with his discovery . . .

---

[1] Defendant did not file a reply.

obligations" and should be sanctioned. (Docket # 48-1 at ¶¶ 5-6). Alternatively, defendant requests that the Court compel Campbell to produce certain categories of documents, to execute several authorizations for the release of records, and to sit for an additional deposition, and issue an order awarding defendant the costs associated with the motion. (*Id.* at ¶¶ 81-86). Plaintiff contends that he has done his best to comply with his discovery obligations, that the documents requested are not readily available to him, and that he will supplement his production if documents become available.[2] (Docket # 50).

Defendant asserts that Campbell testified at his deposition that he possessed responsive documents that he had not produced (Docket # 48-1 at ¶¶ 7-8 and Ex. A), which defendant thereafter requested in a letter dated November 14, 2017 (*id.* at ¶ 9 and Ex. B). Following the deposition, defendant served two requests for admission and a third request for the production of documents upon Campbell. (*Id.* at ¶¶ 10-11 and Exs. C and D). Campbell responded to these requests and produced responsive documents on December 11 and 26, 2017. (*Id.* at ¶¶ 14-16 and Exs. G and H).

Defendant reviewed Campbell's responses and production and found them deficient. (*Id.* at ¶ 17). On December 26, 2017, counsel wrote to Campbell identifying various outstanding discovery issues and requesting a response by 12:00 p.m. on December 28, 2017. (*Id.* at ¶ 20). Campbell responded by email at 9:14 p.m. that evening stating that he had made a good faith effort to comply with defendant's requests and had provided the documents in his possession. (*Id.* at Ex. J). On December 28, 2017, Campbell sent another email indicating that counsel's deadline did not permit him sufficient time to respond in view of the holidays. (*Id.* at

---

[2] Defendant maintains that the Court should disregard this *pro se* filing because it was untimely. (Docket # 53). To the contrary, this Court's motion scheduling order required Campbell's opposition to be filed by January 26, 2018. (Docket # 49). Although it was not electronically filed by the Clerk's office until January 29, 2018, Campbell mailed his opposition on January 24, 2018. (Docket # 50 at 10). Accordingly, his opposition is timely.

Ex. K). In his email, Campbell addressed several outstanding disputes and advised defendant that it should communicate with him if any additional clarification were needed. (*Id.*). The following day, without notice to Campbell, defendant filed the pending motion. The motion addresses defendant's document requests and requests for admission, as outlined below.

  A. **<u>Requests for Production</u>**

    Defendant seeks the following categories of documents and authorizations: (1) electronic data (or copies of such data) discussed during Campbell's deposition, including a copy of his entire electronic calendar between 2014 and 2017, notes he allegedly made on his phone, and the "S-Book" maintained in the notes folder of his phone (Docket # 48-1 at ¶¶ 26-28; 32-34); (2) documents relating to his application for and receipt of benefits after his termination in July 2015, including all medical, dental or other health benefits, including Medicaid, unemployment and DSS records, or authorizations for the release of such information to the defendant (*id.* at ¶¶ 29-31, 38-40, 51-52, 57-58); (3) income tax returns from 2014-2016, W2 Forms for his employment in 2015 at US Airports, and paystubs from his 2017 employment with Hendrick Honda (*id.* at ¶¶ 35-37); (4) documents relating to any previous complaints Campbell filed with the New York State Division of Human Rights ("NYSDHR") or the Equal Employment Opportunity Commission ("EEOC"), or a release permitting defendant to obtain such documents (*id.* at ¶¶ 44-46); (5) email correspondence between Campbell and his supervisors James Sapp, Jr., Jesse Pitts, and Robert Flaherty, including emails identified in a screen shot produced by Campbell (*id.* at ¶¶ 47-50); (6) executed authorizations for the release of employment and medical records (*id.* at ¶¶ 55-56, 59-60); (7) documents reflecting websites that Campbell reviewed prior to his deposition (*id.* at ¶¶ 53-54); and (8) confirmation that Campbell does not expect to call previously identified witnesses at trial (*id.* at ¶¶ 41-43).

As an initial matter, I find that an award of sanctions or costs is not warranted on this record. Campbell generally complied with the specific directions contained in my previous Order and attempted in good faith to comply with his discovery obligations by responding to additional discovery requests and producing additional documents. (Docket # 48-1). He responded to defendant's deficiency letters, provided further explanation and additional documents, and invited further communication with counsel in the event that clarification were needed. The record does not demonstrate that defendant made any further attempt to resolve the disputes before filing this motion.[3] On this record, and considering the absence of evidence that Campbell has willfully failed to comply with his discovery obligations, I decline to impose sanctions or costs.

I turn first to the first category of documents – the electronic data from Campbell's mobile phone. With respect to the "S-book," Campbell informed defense counsel that he provided a handwritten copy of the note that was stored electronically on his phone. (Docket # 48-1 at Ex. K at 2). Any further clarification of the adequacy of that production, if needed, should have been sought from Campbell before filing the motion.

Regarding the "notes" or calendar entries stored on Campbell's mobile device, Campbell maintains that the requests for all of his calendar entries between 2014-2017 and any "notes" contained on his mobile device are overbroad and unduly burdensome, and that he attempted to produce the calendar entries, and found the printing of the entries to be cost-prohibitive. (*Id.*). I agree with Campbell that these requests, which seek all calendar entries and "notes" for a three-year period, are patently overbroad.

---

[3] Defendant maintains that it was required to file the pending motion by December 29, 2017, to satisfy the deadline in this Court's scheduling order. (Docket ## 33 at 2; 48-1 at ¶ 20). Of course, defendant could have requested an extension of this deadline in order to complete the conferral process with Campbell.

During his deposition, Campbell testified that he kept a calendar of "key dates" on his mobile device that contained "[a]ll kinds of things that don't . . . deal with this case," including, for example, birthday reminders. (Docket # 48-1 at Ex. L at 5). He also indicated that dates pertaining to the litigation, such as scheduled appearances or deadlines, were contained on the calendar. (*Id.* at 6). Nothing in his deposition testimony submitted by defendant suggests that Campbell kept information on his electronic calendar relevant to the issues in this lawsuit. In any event, despite Campbell's objection that he should be required to produce only calendar entries for events that pertain to this lawsuit, counsel argued that defendant was entitled to production of the entirety of the calendar. (*Id.* at 6-7). In the absence of any attempt by defendant to limit the scope of this request to relevant information, the Court declines to order Campbell to produce the documents requested. If Campbell intends to rely upon or introduce any "notes" or calendar entries during the trial of this matter, however, he must produce such information on or before **September 10, 2018**. **If not produced by that date, Campbell should be precluded from introducing or relying upon any such documents or information, including notes or calendar entries**.

Concerning the second category of documents – those related to Campbell's application for and receipt of medical, health, dental, or other benefits – the record indicates that Campbell has produced some responsive documents and has provided some authorizations for the release of such information. With respect to Medicaid, defendant maintains that Campbell testified that he received Medicaid benefits and produced five documents related to his receipt of Medicaid benefits. (Docket # 48-1 at ¶¶ 29-31). Similarly, defendant maintains that Campbell also testified that he received unemployment benefits but failed to produce any documents or an authorization for the release of such documents. (*Id.* at ¶¶ 38-40). According to defendant,

6

Campbell has represented that he has attempted to obtain responsive documents from the Department of Social Services but has not yet produced those documents. (Docket # 48-1 at ¶ 57). Defendant also maintains that it is entitled to any documents reflecting any medical, health or dental benefits which Campbell has applied for or received since his termination in July 2015, but that Campbell has not produced any such documents or indicated that such do not exist.

I agree with defendant that documents reflecting Campbell's receipt of benefits after his termination are relevant to this lawsuit and should be produced. Campbell's communications in December 2017 suggest that he has produced the responsive documents in his possession. (Docket # 48-1 at Exs. J and K). For the sake of clarity, Campbell is directed to produce, on or before **September 10, 2018**, any additional documents he possesses reflecting benefits he received from any source after July 6, 2015, the date of his termination. If Campbell does not possess any such additional documents, he must state that in writing. By that same date, Campbell is also directed to execute authorizations to permit the release to defendant of information pertaining to his application for and receipt of any benefits, specifically including Medicaid, Department of Social Services, or unemployment benefits. Campbell must provide copies of those executed authorizations to counsel for defendant by **September 10, 2018**.

With respect to the third category of documents, tax returns for 2014-2016, the 2015 W2 Forms for US Airports, and pay stubs from his 2017 employment with Hendrick Honda, I agree with defendant that these documents should be produced to the extent they are in Campbell's possession. (Docket # 48-1 at ¶¶ 35-37). Accordingly, Campbell is directed to produce, on or before **September 10, 2018**, any of these documents in his possession. If Campbell does not possess any such documents, he must state that in writing by the same date.

Category four seeks authorization to obtain documents relating to prior complaints of discrimination made by Campbell to the EEOC or NYSDHR. Defendant has failed to establish the relevancy of Campbell's prior complaints of discrimination. *See Bernstein v. Mafcote, Inc.*, 2014 WL 3579494, *5 (D. Conn. 2014) (declining to compel production of plaintiff's prior employment file on grounds that existence of prior grievances, complaints, charges or lawsuits made by plaintiff were irrelevant and information could be obtained through less intrusive means); *Lev v. S. Nassau Cmtys. Hosp.*, 2011 WL 3652282, *2 (E.D.N.Y. 2011) (prior employment files, including prior complaints, not relevant to discrimination claims). Accordingly, I deny the request for an order compelling production of authorizations for the release of this information.

The fifth category of documents concerns emails between Campbell and supervisors Robert Flaherty, James Sapp, and Sean Trottier. (Docket # 48-1 at ¶¶ 48-49). Defendant asserts that such emails are "relevant to this action and necessary to [its] defense of this action." (Docket # 48-1 at ¶ 49). In the absence of any explanation of the content of such emails, or their relevance to Campbell's claim of discrimination, the Court declines to order Campbell to produce any additional emails. If Campbell intends to rely upon or introduce any of this information during the trial of this matter, however, he must produce such information on or before **September 10, 2018**. **<u>If not produced by that date, Campbell should be precluded from introducing or relying upon those emails or the information contained in them</u>**.

Category six seeks properly executed authorizations – one for the release of medical records and one for the release of information relating to Campbell's separation or termination from any employment after his July 2015 termination by defendant. Apparently, Campbell previously agreed to provide these authorizations but has not yet done so.

8

Accordingly, on or before **September 10, 2018,** Campbell is directed to execute and provide to defendant authorizations to permit the release of this information.

Category seven seeks production of the documents or websites Campbell reviewed prior to his deposition. In his written response to the document request, Campbell generally described the types of websites he visited prior to his deposition, and his letters to defense counsel suggest that he has produced all responsive documents in his possession. (Docket # 48-1 at Exs. H, J, and K). Nevertheless, for the sake of clarity, Campbell is directed to produce, on or before **September 10, 2018**, any documents he possesses reflecting the websites he reviewed prior to his deposition. If Campbell does not possess any such documents, he must state that in writing.

The final category – category eight – does not seek documents; rather, it requests that Campbell confirm that his supplemental initial disclosures purposefully removed Stephanie Young and Cathy Wood as potential fact witnesses. Campbell is directed, on or before **September 10, 2018**, to confirm whether or not Stephanie Young and Cathy Wood are persons who have "information . . . that [Campbell] may use to support [his] claims" at trial. *See* Fed. R. Civ. P. 26(a)(1)(A)(i).

Several of this Court's directions to Campbell, outlined above, require him to provide defendant with executed authorizations. Defendant is directed, on or before **August 24, 2018**, to provide Campbell with the authorizations that he needs to execute.

B. **Requests for Admission**

Defendant also seeks to compel Campbell to provide further responses to several of their requests for admission. Specifically, defendant seeks further responses to Requests Nos. 11, 25, 26, and 29. These are addressed below.

9

Request No. 11 asks Campbell to either admit or deny whether an attached exhibit entitled "Employee Transactions and Totals" accurately states the amounts which Campbell was paid for mileage between March 22, 2014 and July 6, 2015. (Docket # 48-1 at Ex. G at 5). Campbell responded that, after making a reasonable inquiry, the information known or obtainable by him is insufficient to permit him to admit or deny the request. Defendant maintains that the answer provided by Campbell, a *pro se* litigant, is not sufficient because he failed to "identify the scope of his inquiry and the information searched in connection with the request." (Docket ## 48-1 at ¶ 63; 48-19 at 15). Defendant has not provided the Court with the document referenced in this request, although the language of the request suggests that it contains a list of mileage reimbursement payments allegedly made to Campbell for a period in excess of one year. Rather than seeking an admission with respect to a simple and discrete fact, this request seeks "admission to multi-faceted disputed facts within this litigation." *Exec. Mgmt. Servs., Inc. v. Fifth Third Bank*, 2016 WL 3129528, *2 (S.D. Ind. 2016) (although "[parties] may not be happy with the answer[] they received, . . . the answer[] [is] not improper, given the language of the request[]"). I decline to order Campbell, a *pro se* plaintiff, to provide any further response to this request.

Requests Nos. 25 and 26 ask Campbell to admit or deny that an attached document entitled "Speak Up Closing Report" accurately reflects statements Campbell made to Tiffany Tipton (Request No. 25) and accurately reflects Campbell's communication with Tiffany Upton (Request No. 26). (Docket # 48-1 at Ex. G at 7). In response to each request, Campbell stated, "Deny." (*Id.*). The attached document contains several paragraphs of narrative, apparently purporting to summarize discussions between Campbell and Upton. (Docket # 48-1 at Ex. Q). Defendant maintains, again without citation to supporting authority, that Campbell is

10

required to "provide the basis of his denial, and/or delineate his denial for each statement referenced by" the requests. (Docket ## 48-1 at ¶¶ 66, 69; 48-19 at 15).

Requests for admissions are not intended to function as interrogatories requiring a detailed response. *See Diederich v. Dep't of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990). Rather, it is incumbent upon the requesting party to set forth "in necessary, but succinct, detail, the facts, events or communications to which admission is sought; the responding party is merely required to agree or disagree, that is, it can be admitted or denied without explanation." *Id.* (internal quotations omitted). In other words, "the facts should be stated singly, so that the party called upon to make answers need not write an essay in reply." *Id.* Indeed, the requesting party "drafts complex requests at [its] peril" because "[w]here it is evident that multiple, interdependent issues are contained in one request, [the responding party] may deny the entire statement if one fact, on which the remainder of the request is premised, is denied." *Id.* at 621.

As noted above, Requests Nos. 25 and 26 ask Campbell to admit or deny the accuracy of a several-paragraph narrative. His response denying the requests is proper, and no further response shall be required. *See Pratt v. Nat'l R.R. Passenger Corp.*, 2014 WL 12755705, *2 (D. Vt. 2014) ("[d]efendants cite no authority for the proposition that in denying a request to admit, a party must provide an explanation").

Finally, Request No. 29 asks Campbell to admit or deny that he "received a text for priorities in May 2015 and June 1, 2015, and received notice of the rally," as set forth in an attached document. (Docket # 48-1 at Ex. G at 8). In response, Campbell admitted the request in part, stating that he "received 1 email in May 2015 and also emails in June pertaining to store priorities." (*Id.*). He denied that he ever received a text. (*Id.*). Defendant maintains that Campbell should be compelled to admit or deny whether he received notice of the rally. (Docket

11

# 48-1 at ¶ 72 and Ex. I). Although defendant inexplicably drafted this request in a compound manner, Campbell may easily respond by admitting or denying whether he received notice of the rally. Accordingly, on or before **September 10, 2018**, Campbell shall supplement his response to this request to indicate whether or not he received notice of the rally.

Defendant also requests an order compelling Campbell to sit for another deposition in the event that relevant information and documents are produced by Campbell or obtained by defendant pursuant to any releases provided by Campbell pursuant to this Order. (Docket # 48-1 at ¶ 89(c)(3)). This request is denied without prejudice to renewal in the event defendant obtains specific additional information that defendant can demonstrate justifies additional deposition testimony from Campbell.

## CONCLUSION

For the reasons discussed above, defendant's motion for sanctions **(Docket # 39)** is **DENIED**, and defendant's motion for sanctions or to compel (**Docket # 48**) is **GRANTED in PART and DENIED in PART**. Defendant is directed to provide authorizations for Campbell's execution **on or before August 24, 2018**. Campbell is directed to do the following **on or before September 10, 2018**:

1. Produce any data or information, including notes, calendar entries, or emails, upon which he intends to rely during the trial of this matter. **If not produced by September 10, 2018, Campbell should be precluded from introducing or relying upon any such documents or information contained therein**.

2. Produce any documents after July 6, 2015, related to his application for or receipt of any medical, health, dental, or other benefits, including Medicaid, Department of

Social Services, or unemployment benefits, in his possession, and execute authorizations (to be provided by defendant) for the release of such information to defendant. If Campbell does not possess any such documents, he must state that in writing.

3. Produce tax returns for 2014-2016, the 2015 W2 Form US Airports, and 2017 pay stubs from his employment with Hendrick Honda. If Campbell does not possess any of these documents, he must state that in writing.

4. Provide executed authorizations (to be provided by defendant) permitting the release of certain medical and employment information.

5. Produce any documents Campbell possesses reflecting websites he reviewed prior to his deposition. If Campbell does not possess any such documents, he must state that in writing.

6. Confirm, in writing, whether Stephanie Young and Cathy Wood are persons who have information that Campbell may use to support his claims at trial.

7. Supplement his response to No. 29 of Defendant's First Requests to Admit to indicate whether he admits or denies that he received notice of the rally.

**IT IS SO ORDERED.**

*s/Marian W. Payson*  
MARIAN W. PAYSON  
United States Magistrate Judge

Dated: Rochester, New York
      August 14, 2018